UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK WILLIAM MILLER,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:25-cv-02017-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-34 (the "Act"). For the reasons that follow, the undersigned recommends that Plaintiff's motion for summary judgment be DENIED and that the Commissioner's cross-motion for summary judgment be GRANTED, and that judgment be entered in favor of Defendant.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 14, 2022, alleging disability beginning on December 31, 2018. Administrative Record ("AR") 170.[1] Plaintiff's application was denied initially and on reconsideration. AR 65 & 71. Plaintiff requested a hearing and administrative law judge ("ALJ")

[1] The AR is electronically filed at ECF No. 7. When referencing the AR, page references are to the number in the lower right corner of the page, not the CM/ECF generated header. References to briefs are to the page number generated on the CM/ECF header.

Cynthia Harmon held a hearing on June 25, 2024. AR 30-56.

On July 8, 2024, the ALJ found Plaintiff was not under a disability on the date last insured, December 31, 2018. AR 25. On May 22, 2025, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision).

Plaintiff filed this action in the Eastern District of California on July 20, 2025. ECF No. 1. The parties filed cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner. ECF Nos. 8 & 15. Plaintiff filed a reply brief. ECF No. 16.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1967, and was 51 years old on his date last insured. AR 36. At the time of the hearing in June 2024, Plaintiff was 57 years old, and he testified he had not worked since 2013. AR 37. Plaintiff testified that in 2018 he was not able to work due to kidney stones and "my feet and my back and my hip and my knees". AR 39.

Plaintiff testified he had graduated from high school and attended culinary school. AR 36. Plaintiff's most recent work in 2013 was as a "respite care provider" in which he transported special needs children. AR 37. Plaintiff provided testimony concerning his treatment. He stated that surgery for his kidney stones was helpful, but that they are recurring. AR 38. Plaintiff stated he had knee surgery in the past, and had received injections for lower back pain, but did not recall if that was prior to 2018. AR 39-40. Plaintiff received orthotics for his feet. They did not help with pain, but helped with balance. AR 41.

Plaintiff claimed that starting in 2018 he spent 80 to 90% of his time laying on the couch. AR 43. He testified his back pain had gotten worse since 2018. AR 44. He testified he does not do any chores. AR 42. Physical therapy was somewhat helpful with pain relief. AR 46. Plaintiff claimed that from 2018 to present, he had been "primarily bedridden." AR 47.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Social Security benefits are available for eligible individuals who are "disabled." 42 U.S.C. § 1381a. An individual is "disabled" if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id*., §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make her capable of performing her past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id*., §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id*., §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

////

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

**V. THE ALJ's DECISION**

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity ("SGA") during the relevant period of 2018, and the alleged onset date was December 31, 2018 (AR 20).
>
> 2. [Step 2] The claimant has the following severe impairments: calculus of the kidney and degenerative disc disease of the lumbar spine (AR 20).
>
> 3. [Step 3] Through the date last insured, December 31, 2018, claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 21).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, or crawl. He must avoid vibration. (AR 21).
>
> 5. [Step 4] The claimant was unable to perform past relevant work (AR 21).
>
> 6. [Step 5] The claimant was born in 1967 and was 51 years old, which is defined as an individual closely approaching advanced age on the date last insured (20 CFR §§ 404.1563) (AR 23).
>
> 7. [Step 5, continued] The claimant has a high school education (AR 24).
>
> 8. [Step 5, continued] Transferability of job skills is not at issue because using the Medical-Vocational Rules as a framework supports that the claimant is "not disabled," whether or not the claimant has transferable job skills. (AR 24).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (AR 24).

> 10. The claimant was not been under a disability, as defined in the Social Security Act, at any time from December 31, 2018, the alleged onset date, through December 31, 2018, the date last insured. (AR 25).

## VI. ANALYSIS

Plaintiff's opening brief presents one point of alleged error: that the ALJ failed to adequately develop the record and instead based the RFC finding on her own assessment of the medical evidence. ECF No. 8 at 3. Defendant contends the record was sufficiently developed and that it is "entirely proper" for the ALJ to evaluate the medical evidence and make findings for the RFC. ECF No. 15 at 2-3.

### 1. <u>ALJ's Duty to Develop the Record</u>

Plaintiff argues that the ALJ did not carry out her duty to develop the record because two of the state agency doctors found there was insufficient evidence to form an opinion, and the ALJ did not send Plaintiff for consultative exams. ECF No. 8 at 4. Defendant contends that Plaintiff represented to the ALJ that the record was "complete" and thus forfeited the argument that the record was not complete. ECF No. 15 at 2. Further, Defendant argues that the ALJ did not find an ambiguity with the record that triggered the duty to further develop the record. *Id.*

An ALJ "has an independent duty to fully and fairly develop the record to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). This duty exists in cases where the claimant is represented, and when the claimant is unrepresented "the ALJ must be especially diligent in exploring for all the relevant facts." *Id.* "The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests." *Id.*, citing *Higbee v. Sullivan*, 975 F.2d 558, 562 (9th Cir.1992). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id.* (internal quotation and citation omitted).

Defendant raises a valid argument that the Court could find this point waived, based on Plaintiff's representations that the record before the ALJ was complete. *See Johnson v. Saul*, No. 19-cv-1647-JLT, 2021 WL 754197, *3 (E.D. Cal. Feb. 26, 2021) ("Importantly, courts have

determined that when counsel represents a claimant at the hearing and indicates the record is 'complete,' the claimant waived any challenge that the ALJ erred by not developing the record.") (collecting cases). As a judge of this Court has further explained, "[i]t would appear inequitable to allow counsel to affirm that the record is complete before the ALJ, and then after receiving an unfavorable decision, argue error due to the failure to further develop the record." *Marin v. Comm'r of Soc. Sec.*, No. 1:24-cv-00055-SAB, 2024 WL 3845357, at *9 n.8 (E.D. Cal. Aug. 16, 2024).

At the hearing, Plaintiff's representative asked the Court to keep the record open to receive additional records from Sutter North Medical Group ("Sutter"), and Plaintiff stated the record would be "complete" once those were received. AR 33-34. Sutter then provided a letter that Plaintiff had not been treated between 2016 and 2024. AR 275. Plaintiff's representative then informed the ALJ that no additional records were coming and "[a]t this time the records [sic] is complete." AR 273. Here, Plaintiff was represented by a non-attorney representative during the administrative proceeding. The Court will nonetheless not deem the issue waived, and will proceed to the merits. *See Carolyn M. v. Comm'r of Soc. Sec.*, No. 6:22-CV-01715-HZ, 2023 WL 66202253 at * 3 (D. Or. Oct. 6, 2023) (finding merit in the argument that non-attorney representative forfeited duty to develop argument by representing the record is complete, but also addressing the merits).

Turning to the merits, Plaintiff has not demonstrated error. Plaintiff's date last insured ("DLI") was December 31, 2018. He thus had to establish disability by that date to obtain benefits under Title II. Plaintiff did not apply for benefits until October 2022, and the hearing before the ALJ took place in June 2024. AR 30.

Plaintiff does not challenge the ALJ's finding that he had only two severe impairments: calculus of kidney (kidney stones) and degenerative disc disease of the lumbar spine. AR 20. As to mental impairments, the ALJ considered the alleged impairments and stated: "no acceptable medical source diagnosed the claimant with major depressive disorder, anxiety disorder, or post-traumatic stress disorder based on objective medical evidence within the period in question." AR 20. The ALJ thus found those alleged mental impairments were "non-medically determinable

impairments." AR 20. Plaintiff makes no challenge to that finding.

Plaintiff also does not challenge the ALJ's finding that Plaintiff's subjective symptom allegations were not supported by the record. The ALJ found: "Physical examination findings were inconsistent with the claimant's statements about the intensity, persistence, and limiting effects of his impairment symptoms." AR 22. The ALJ further noted that considering Plaintiff's "allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of such restrictions placed on the claimant by his treating medical professionals." AR 22. The ALJ found "a review of the record in this case reveals no such restrictions recommended by the treating medical professionals." AR 22. Plaintiff does not challenge this assessment.

Instead, Plaintiff offers a rather broad argument concerning the ALJ's duty to develop the record. Plaintiff does not appear to contend that the record required further development as to a specific impairment. Rather, Plaintiff argues that the evidence was insufficient as to both his physical and mental impairments. ECF No. 8 at 4. Plaintiff argues that the ALJ "could have" done more to develop the record such as: 1) utilizing a medical expert at the hearing or issuing interrogatories; 2) contacting Plaintiff's treating medical sources; or 3) sending Plaintiff for consultative examinations. ECF No. 8 at 4. Notably, Plaintiff did not request any of these measures during the administrative proceedings. Plaintiff argues that if the ALJ had utilized one of these three measures to further develop the record, it "**could have** led to a more limiting RFC, which **could have** resulted in a finding of disability." ECF No. 8 at 6 (emphasis added). Plaintiff speculates that these additional measures may have led to an RFC limiting him to sedentary exertion and a finding of disability. *Id*.

It is ultimately the Plaintiff's burden to establish disability. *See Mayes v. Massanari*, 267 F.3d 453, 459 (9th Cir. 2001) citing 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."). Plaintiff has an obligation to bring forth evidence to support his claim. *See* 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled. You must inform us or submit all evidence known to you that

relates to whether or not you are blind or disabled.”). Here, Plaintiff was required to present evidence establishing disability prior to his date last insured of December 31, 2018. Much of the medical evidence in the record is after that relevant period.

Plaintiff did not request a consultative exam, and it appears any such exam would have been of marginal relevance, as it would have occurred in 2022 or later, more than four years after the date last insured. The Court’s review is to determine if the disability determination is supported by substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). A review of the record supports the non-disability determination. In May 2017, Plaintiff reported that he passes a kidney stone every four to five years. AR 696. In March 2019, Plaintiff reported “no problems” with kidney stones since a lithotripsy procedure. AR 356. Plaintiff reported his foot pain has “resolved” through the use of orthotics. AR 392. At a March 2019 office visit, Plaintiff reported that his low back pain was a 2 or 3 on scale of 1 to 10, and the assessment notes that Plaintiff “leads an active lifestyle.” AR 761. At a functional assessment in February 2022, Plaintiff reported that he enjoys hunting, fishing, caring for his animals, and raising his daughter. AR 431. At that same assessment, he conveyed his main medical concern was acid reflux, and described his back pain as being a 3 or 4 on a scale of 1 to 10. AR 431.
At a June 2021 chiropractic evaluation Plaintiff indicated he had not seen a physician for any health condition in the last year. AR 474. His chiropractic session notes indicate that he is a “busy farmer/rancher” (AR 482), he reports “working on his tractor” (AR 481) and in August 2021 that he had “moved over 100 bales of hay to barn, load and unload trailer” (AR 487). The assessment portion of his chiropractic notes often reflects that Plaintiff is engaged in physical activity that is not consistent with allegations of being primarily bedridden. *See for example* AR 480 (“working on house project”); AR 482 (“has been out with his daughter rescuing animals”); AR 483 (“has been working on his fixer upper house”); AR 486 (“super active at home/ranch”). Thus, the ALJ’s conclusion is well supported that Plaintiff’s statements about the intensity, persistence, and limiting effects of his impairments, including his testimony about being “essentially bedridden” for periods of time, was not supported by the medical record. AR 22.

Plaintiff’s speculation that further development of the record may have led to an RFC at

the sedentary level is not supported by Plaintiff's description to his medical providers of his activity levels. Moreover, even if there was error, Plaintiff has not established it was harmful. In *McLeod v. Astrue*, 640 F.3d 881 (9th Cir. 2011), the Ninth Circuit found that the Supreme Court's harmless error analysis from *Shinseki v. Sanders*, 556 U.S. 396 (2009), applied in social security cases. Under *Sanders*, "the burden is on the party attacking the agency's determination to show that prejudice resulted from the error." 640 F.3d at 887. "[P]rejudice cannot be presumed from any kind of error." *Id.* The claimant need not necessarily show what other evidence would be obtained, but must show "substantial likelihood of prejudice", such that remand to the agency is appropriate. *Id*. at 887-88.

Plaintiff has not demonstrated that the ALJ erred in not further developing the record. Plaintiff has instead argued that the ALJ could have done more, and that it may have resulted in a different outcome. Plaintiff has not met his burden to establish harmful error.

## VII. CONCLUSION

A plaintiff has the burden to prove disability. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) ("The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish entitlement to disability insurance benefits.") (cleaned up). The ALJ found that Plaintiff did not meet his burden, and that decision will be upheld if it is supported by substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). This evidentiary threshold "is not high … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 103. The Court finds the ALJ's decision meets the substantial evidence standard.

Accordingly, **IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's motion for summary judgment (ECF No. 8) be DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 15) be GRANTED.
3. The Clerk be directed to enter Judgment for Defendant and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days**

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: August 19, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE